IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| DARRIN WILLIAM MATT,<br><br>Plaintiff,<br><br>vs.<br><br>C.J. BUGNI, WILLIAM SANDERS, T.J. PHILLIPS, and KATHY McCOLLOOH,<br><br>Defendants. | CV 14-183-M-JCL<br><br>ORDER |

Plaintiff Darrin Matt, appearing pro se, brings this action under 42 U.S.C. § 1983. Matt alleges that while in the custody of the Montana Department of Corrections at the S.T.A.R.T. facility in Anaconda, Montana, from February through March 2014, the Defendants – all employees at the S.T.A.R.T. facility – unlawfully deprived him of his rights to exercise his Native American religious and cultural practices. The matter is pending before the Court on Matt's Fed. R. Civ. P. 41(a)(2) motion for voluntary dismissal. Matt does not specify whether he seeks dismissal with or without prejudice. For the reasons discussed, Matt's motion is granted and this action is dismissed with prejudice.

Matt's motion to dismiss is governed by the provisions of Fed. R. Civ. P. 41(a)(2). The Rule provides that where a defendant has already filed a motion for

1

summary judgment, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). As this Court explained in *Pendergrass v. Clanton*, 2008 WL 2079144, *2 (D. Mont. 2008):

> "The purpose of the rule is to permit a plaintiff to dismiss an action without prejudice so long as the defendant will not be prejudiced." *Stevedoring Services of America v. Armilla International B.V.*, 889 F.2d 919, 921 (9th Cir. 1989) (citations omitted). A court should grant a Rule 41(a)(2) motion for voluntary dismissal unless the defendant will "suffer clear legal prejudice, other than the prospect of a subsequent suit on the same facts." *Phillips v. Illinois Central Gulf Railroad*, 874 F.2d 984, 986 (5th Cir. 1989). "Legal prejudice" means "prejudice to some legal interest, some legal claim, some legal argument." *Westlands Water District v. United States*, 100 F.3d 94, 96 (9th Cir. 1996).

The Court has broad discretion to dismiss an action at the plaintiff's request under Rule 41, and on terms the Court deems proper. *Hargis v. Foster*, 312 F.3d 404, 412 (9th Cir. 2002). Where, as here, the plaintiff does not specify in the motion whether the plaintiff is seeking dismissal with or without prejudice, the Court's discretion includes the authority to dismiss an action with prejudice. *Id.*

In assessing whether a Rule 41(a)(2) motion should be granted with or without prejudice, it is appropriate for a court to consider "(1) the defendant's effort and expense in preparing for trial, (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, [and] (3) insufficient explanation of the need to take a dismissal." *Williams v. Peralta Community*

*College Dist.*, 227 F.R.D. 538, 540 (N.D. Cal. 2005) (quoting *Burnette v. Godshall*, 828 F. Supp. 1439, 1443-44 (N.D. Cal. 1993), aff'd sub nom. *Burnette v. Lockheed Missiles & Space Co.*, 72 F.3d 766 (9th Cir. 1995)).

This action has been pending for one year with a discovery deadline set to expire on June 17, 2015. On May 5, 2015, Defendants moved for summary judgment under Fed. R. Civ. P. 56 requesting the Court dismiss Matt's claims on their merits. Defendants' brief and their statement of undisputed facts filed in support of their motion reflect that Defendants engaged in substantial efforts and discovery to defend themselves in this case. They took Matt's deposition, obtained affidavits from numerous witnesses, and collected pertinent administrative documents. From the information gathered, Defendants prepared a 21-page statement of undisputed facts submitted in support of their motion for summary judgment.

On the heels of Defendant's motion for summary judgment, Matt filed the instant motion requesting the Court to dismiss his case. In support of his motion Matt stated only the following: "Safety concerns, and [46-18-101] MCA, (Race Religion)[.]" (Doc. 28 at 1.)[1]

The Defendants respond that they do not oppose dismissal, but assert the

---

[1]Mont. Code Ann. § 46-18-101 sets forth the correctional and criminal sentencing policies of the State of Montana.

dismissal should be with prejudice. Defendants retained counsel who have traveled extensively, and engaged in relatively comprehensive discovery efforts – both in serving and responding to discovery.

In reply, Matt acknowledges that it is within the Court's discretion to determine whether the dismissal of his action, on his motion, should be with or without prejudice.

Given the Defendants' efforts and expense in defending this action and presenting a summary judgment motion, the Court finds the first factor identified in *Williams*, supra, weighs in favor of a dismissal with prejudice.

With respect to the second factor, Defendants argue Matt has demonstrated a lack of diligence in pursuing this action. They assert his lack of diligence is reflected in his ignorance of the applicable legal standards and the actual material facts of his case, both of which support the denial of his legal claims. The Court agrees that Matt's filings in this case indicate he has not diligently considered the law, or the facts and circumstances of his claims in the context of his status as an inmate incarcerated in a state facility.

Finally, under the third *Williams* factor, the Court finds Matt has failed to articulate any reasons, let alone sufficient reasons, why his dismissal should be without prejudice. Instead Matt simply explains why he desires to dismiss this case, but without requesting that the dismissal be without prejudice. Thus, this

4

factor weighs in favor of dismissal with prejudice.

For all of the foregoing reasons, IT IS HEREBY ORDERED that Matt's motion to dismiss is GRANTED. Based on the factors identified and discussed, and because Matt accepts that the Court has authority to grant his motion with prejudice, the Court exercises its discretion to dismiss this action with prejudice. IT IS SO ORDERED. *Hargis v. Foster*, 312 F.3d 404, 412 (9th Cir. 2002) (concluding the district court did not abuse its discretion in deciding to dismiss a case with prejudice upon plaintiff's motion under Fed. R. Civ. P. 41(a)(2) where the plaintiff did not specify whether he sought dismissal with or without prejudice, thereby "implicitly accepting either determination by the district court").

DATED this 5th day of June, 2015.

Jeremiah C. Lynch
United States Magistrate Judge